# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No.

SHANNON MULLINGS,

    Plaintiff,

v.

LIFE TIME, INC.,

    Defendant.

_____/

## NOTICE OF REMOVAL

Defendant **LIFE TIME, INC.** ("**Defendant**"), pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, files its Notice of Removal of the above civil action styled *Shannon Mullings v. Life Time, Inc.,* Case No. 50-2025-CA-000059-XXXA-MB ("**State Court Action**"), currently pending in the Circuit Court of the Fifteenth Judicial Circuit, in and for Palm Beach County, Florida, to the United States District Court for the Southern District of Florida, Palm Beach Division, being the district in which the action is pending.  In support of this Notice of Removal, Defendant respectfully states as follows:

    1.    On January 6, 2025, Plaintiff **SHANNON MULLINGS** ("**Plaintiff**") filed her Complaint in the State Court Action (Circuit Court of the Fifteenth Judicial Circuit, in and for Palm Beach County, Florida).

    2.    Plaintiff asserts a claim against Defendant, her former employer, that appears to involve harassment and/or race discrimination, but does not identify the claim with specificity.

    3.    On April 23, 2025, a sheriff delivered the Summons and Complaint to an employee working at Defendant's place of business.  Thus, this Notice of Removal is filed

within thirty (30) days after receipt of the initial pleading through attempted service on Defendant, pursuant to 28 U.S.C. § 1446(b)(1).

4.  As set forth below, removal of the State Court Action to this Court is proper because this Court has jurisdiction pursuant to 28 U.S.C. § 1332 (diversity jurisdiction) and all other requirements of 28 U.S.C. §§ 1441 and 1446 are satisfied.

## DIVERSITY JURISDICTION

5.  Pursuant to 28 U.S.C. § 1332, federal district courts have original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ." 28 U.S.C. § 1332 (a)(1).

### A. Citizenship.

6.  As to diversity of citizenship, Plaintiff is a Florida resident.  *See* Ex. A, Pl. Address information contained in Summons; April 9, 2024 Court Order Directing Plaintiff to Effect  Service; and Pl. Response Showing Good Cause and Excusable Neglect.

7.  Defendant is a foreign corporation organized under the laws of Minnesota with its principal place of business in Chanhassen, Minnesota.  "[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1).  The principal place of business refers to "where a corporation's officers direct, control, and coordinate the corporation's activities, in other words the corporation's 'nerve center.'" *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93, 130 S.Ct. 1181, 175 L.Ed.2d 1029 (2010).

8.  Hence, complete diversity of citizenship exists between Plaintiff (Florida) and Defendant (Minnesota) under 28 U.S.C. § 1332(c).

### B. Jurisdictional Amount.

9. Plaintiff's alleged damages exceed $75,000.

10. To evaluate jurisdictional amount, a court may look to the documents that the defendant received from the plaintiff, along with the removal attachments. *See Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 88 (2014); *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 755 (11th Cir. 2010) ("Defendants may introduce their own affidavits, declarations, or other documentation" to show that the amount in controversy exceeds $75,000). A court may draw reasonable deductions and inferences from these documents using "judicial experience and common sense." *Roe v. Michelin N.A., Inc.*, 613 F.3d 1058, 1061–62 (11th Cir. 2010).

11. Specifically, Plaintiff admits in her state-court Civil Cover Sheet that her damages sought in this lawsuit exceed "over **$100,000**." Ex. B, State Court Civil Cover Sheet.

12. Accordingly, the State Court Action is removable to this Court pursuant to 28 U.S.C. §§ 1332 and 1441(a) and (b).

### ALL OTHER REQUIREMENTS FOR REMOVAL ARE SATISFIED

13. In addition to the jurisdictional requirements discussed above, 28 U.S.C. §§ 1441 and 1446 also set forth certain procedural requirements with respect to removal. *See* 28 U.S.C. §§ 1441(a), 1446. Defendant has satisfied these procedural requirements.

14. Venue is proper. The State Court Action in which this action was commenced is within this Court's district and division. Therefore, this action is properly removable to this Court pursuant to 28 U.S.C. § 1441(a).

15. In accordance with 28 U.S.C. § 1446(a), Defendant attaches hereto a copy of the Civil Summons and Complaint, documentation showing service of the same on Defendant, as well as all state court process, pleadings or orders previously filed or served upon Defendant in the State Court Action.

16. Pursuant to 28 U.S.C. § 1446(d), copies of this Notice of Removal are being served on Plaintiff and filed with the Clerk of Court for the Circuit Court of the Fifteenth Judicial Circuit, in and for Palm Beach County, Florida, where the State Court Action was originally filed.

17. Defendant will file its responsive pleading in this Court in accordance with Federal Rule of Civil Procedure 81(c)(2), which provides that a removing defendant shall file its responsive pleading within seven days after a notice of removal is filed.

**WHEREFORE**, Defendant respectfully requests that the Court enter an Order causing the above-entitled action to be removed to this Court for further proceedings; that this Court take jurisdiction herein; and that this Court grant Defendant such other and further relief as this Court deems just and proper.

Respectfully submitted,

**SHUTTS & BOWEN LLP**
Attorneys for Defendant
200 S. Biscayne Boulevard
Suite 4100
Miami, Florida  33131
(305) 347-7337
(305) 347-7837 (Facsimile)
rllorens@shutts.com

By: *s/ Rene Gonzalez-LLorens*
  Rene Gonzalez-LLorens
  Florida Bar No. 53790

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that the foregoing Notice of Removal was sent via regular mail and e-mail on this 13th day of May, 2025, to:

>Ms. Shannon Mullings
>P.O. Box 14262
>North Pam Beach, Florida 33408
>Email: ShannonMullings.876@gmail.com
>*Pro Se*

                                 *s/ Rene Gonzalez-LLorens*
                                 Rene Gonzalez-LLorens

MIADOCS 29944908 1

shutts.com  |  FORT LAUDERDALE  |  JACKSONVILLE  |  MIAMI  |  ORLANDO  |  SARASOTA  |  TALLAHASSEE  |  TAMPA  |  WEST PALM BEACH

# EXHIBIT "A"

50-2025-CA-000059-XXXA-MB AF

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT, IN AND FOR PALM BEACH COUNTY, FLORIDA

Shannon Mullings

_____
Plaintiff,

vs.

Life Time Inc

_____
Defendant.

CASE NO. _____

## SUMMONS
### (PERSONAL SERVICE ON A NATURAL PERSON)

TO DEFENDANT(S): Life Time Inc
11825 lake Victoria Gardens Ave, Palm Beach Gardens, FL, 33410

ALTERNATE ADDRESS:

### IMPORTANT

A LAWSUIT HAS BEEN FILED AGAINST YOU. YOU HAVE 20 CALENDAR DAYS AFTER THIS SUMMONS IS SERVED ON YOU TO FILE A WRITTEN RESPONSE TO THE ATTACHED COMPLAINT WITH THE CLERK OF THIS COURT. A PHONE CALL WILL NOT PROTECT YOU. YOUR WRITTEN RESPONSE, INCLUDING THE CASE NUMBER GIVEN ABOVE AND THE NAMES OF THE PARTIES, MUST BE FILED IF YOU WANT THE COURT TO HEAR YOUR SIDE OF THE CASE. IF YOU DO NOT FILE YOUR RESPONSE ON TIME, YOU MAY LOSE THE CASE, AND YOUR WAGES, MONEY, AND PROPERTY MAY THEREAFTER BE TAKEN WITHOUT FURTHER WARNING FROM THE COURT. THERE ARE OTHER LEGAL REQUIREMENTS. YOU MAY WANT TO CALL AN ATTORNEY RIGHT AWAY. IF YOU DO NOT KNOW AN ATTORNEY, YOU MAY CALL AN ATTORNEY REFERRAL SERVICE OR A LEGAL AID OFFICE (LISTED IN THE PHONE BOOK).

IF YOU CHOOSE TO FILE A WRITTEN RESPONSE YOURSELF, AT THE SAME TIME YOU FILE YOUR WRITTEN RESPONSE TO THE COURT YOU MUST ALSO MAIL OR TAKE A COPY OF YOUR WRITTEN RESPONSE TO THE aPLAINTIFF OR PLAINTIFF(S) ATTORNEY NAMED BELOW. Shannon Mullings
PO Box 14626, North Palm Beach, FL, 33408

THE STATE OF FLORIDA:
TO EACH SHERIFF OF THE STATE: YOU ARE COMMANDED TO SERVE THIS SUMMONS AND A COPY OF THE COMPLAINT IN THIS LAWSUIT ON THE ABOVE NAMED DEFENDANT(S).

DATED: 1.6.25

Joseph Abruzzo, Clerk & Comptroller

By: _____
DEPUTY CLERK  K. Lee

SEE REVERSE SIDE - EL REVES - VOIR DE L'AUTRE COTE DE

Summons (Personal Service on a Natural Person) Page 2 of 6

This notice is provided pursuant to Administrative Order No. 2.207-6/22

"If you are a <u>person with a disability</u> who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact William Hutchings, Jr., Americans with Disabilities Act Coordinator, Palm Beach County Courthouse, 205 North Dixie Highway West Palm Beach, Florida 33401; telephone number (561) 355-4380 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711."

"Si usted es una <u>persona minusválida</u> que necesita algún acomodamiento para poder participar en este procedimiento, usted tiene derecho, sin tener gastos propios, a que se le provea cierta ayuda.  Tenga la amabilidad de ponerse en contacto con William Hutchings, Jr., 205 N. Dixie Highway, West Palm Beach, Florida 33401; teléfono número (561) 355-4380, por lo menos 7 días antes de la cita fijada para su comparecencia en los tribunales, o inmediatamente después de recibir esta notificación si el tiempo antes de la comparecencia que se ha programado es menos de 7 días; si usted tiene discapacitación del oído o de la voz, llame al 711."

"Si ou se yon <u>moun ki enfim</u> ki bezwen akomodasyon pou w ka patisipe nan pwosedi sa, ou kalifye san ou pa gen okenn lajan pou w peye, gen pwovizyon pou jwen kèk èd. Tanpri kontakte William Hutchings, Jr., kòòdonatè pwogram Lwa pou ameriken ki Enfim yo nan Tribinal Konte Palm Beach la ki nan 205 North Dixie Highway, West Palm Beach, Florida 33401; telefòn li se (561) 355-4380 nan 7 jou anvan dat ou gen randevou pou parèt nan tribinal la, oubyen imedyatman apre ou fin resevwa konvokasyon an si lè ou gen pou w parèt nan tribinal la mwens ke 7 jou; si ou gen pwoblèm pou w tande oubyen pale, rele 711."

IN THE CIRCUIT COURT OF THE FIFTEENTH
JUDICIAL CIRCUIT IN AND
FOR PALM BEACH COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION: "AF"
CASE NO.: 50-2025-CA-000059-XXXA-MB

SHANNON MULLINGS,

    Plaintiff/Petitioner

vs.

LIFE TIME INC,

    Defendant/Respondent.

_____/

**ORDER DIRECTING PLAINTIFF TO EFFECT SERVICE UPON DEFENDANT(S)**
**(ODS)**

**NOTE: Although this Order was entered by the Administrative Judge for the Circuit Civil Divisions, the parties should continue presenting all motions, proposed orders or questions relating to this matter to the Judge presiding over the division to which the case remains assigned.**

    **THIS CAUSE** came before the Court upon a *sua sponte* review of the court file. Pursuant to Administrative Order 3.110, case review for Lack of Service will take place after Ninety (90) days. Ninety (90) days has elapsed since the filing of the complaint, the Defendant(s) has not been served with process. Plaintiff is placed on notice that it must complete service required by Florida Rule of Civil Procedure 1.070(j).

    **IT IS HEREBY ORDERED AND ADJUDGED** that

1. Pursuant to Florida Rule of Civil Procedure 1.070(j), the Plaintiff is directed to serve process on Defendant(s) within one hundred and twenty (120) days from the date of filing of the Complaint.

2. If Plaintiff is unable to serve by the one hundred and twenty (120) day deadline, Plaintiff may file a motion showing good cause or excusable neglect why the Defendant(s) has not yet been served with process. The motion must contain specific detail showing good cause or excusable neglect for the failure and what steps are being undertaken to serve. No extensions will be granted unless a timely motion is filed which lays out the required detail. In the event that Plaintiff elects to file a motion for good cause or excusable neglect, the Plaintiff <u>must set the same motion for hearing</u> pursuant to divisional instructions on the Uniform Motion Calendar and must occur no later than thirty (30) days from the date of this Order.

    Failure to obtain an Order Granting Extension of Time or serve process on all Defendant(s) in the time frames set forth above will result in an Order of Dismissal of the case against the unserved Defendant(s).

Case No. 50-2025-CA-000059-XXXA-MB

**DONE AND ORDERED** in Chambers, at West Palm Beach, Palm Beach County, Florida.

                                    **ADMINISTRATIVE JUDGE FOR DIVISIONAL JUDGE**

50-2025-CA-000059-XXXA-MB    04/09/2025
G. Joseph Curley, Jr.
Circuit Judge

**COPIES TO:**

SHANNON MULLINGS PO BOX 14626 NORTH PALM BEACH, FL 33408    shannonmullings.876@gmail.com

NOT A CERTIFIED COPY

Page **2** of **2**

IN THE CIRCUIT COURT OF THE 15TH JUDICIAL CIRCUIT AND FOR PALM BEACH COUNTY, FLORIDA

Shannon Mullings                                        Case No. 50-2025-CA-000059-XXXA-MB

Plaintiff/Petitioner

V.s

Life Time INC.

Defendant/Respondent

### Motion showing good cause and excusable neglect

It has only recently been brought to my attention that the defendants "Life Time INC." did not receive the summons, however; after submitting summons I was contacted a representative of the business, Marco Schisano. I was under the impression service was complete, there was also no notice sent from the sheriff indicating service was incomplete. I will make another attempt to complete service and set a motion for hearing.

Name: Shannon Mullings

Signature: *[signed]*

Date: 4/14/25

Contact: 772.304.3236

Email: ShannonMullings.876@gmail.com

Address: PO Box 14262, North Palm Beach, FL, 33408

NOT A CERTIFIED COPY

# EXHIBIT "B"

50-2025-CA-000059-XXXA-MB
AF

**FORM 1.997.**            **CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

### I. CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE FIFTEENTH JUDICIAL CIRCUIT,
IN AND FOR PALM BEACH COUNTY, FLORIDA

Case #_____

Judge _____

Plaintiff  Shannon Mullings

vs.

Defendant  Life Time, INC

### II. AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

- [ ] $8,000 or less
- [ ] $8,001 - $30,000
- [ ] $30,001- $50,000
- [ ] $50,001- $75,000
- [ ] $75,001-$100,000
- [x] over $100,000.00

### III. TYPE OF CASE  (If the case fits more than one type of case, select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

**CIRCUIT CIVIL**

- [ ] Condominium
- [ ] Contracts and indebtedness
- [ ] Eminent domain
- [ ] Auto negligence

NOT A CERTIFIED COPY

- [ ] Negligence—other
  - [x] Business governance
  - [ ] Business torts
  - [ ] Environmental/Toxic tort
  - [ ] Third party indemnification
  - [ ] Construction defect
  - [ ] Mass tort
  - [ ] Negligent security
  - [ ] Nursing home negligence
  - [ ] Premises liability—commercial
  - [ ] Premises liability—residential
- [ ] Products liability
  - [ ] Real property/Mortgage foreclosure
    - [ ] Commercial foreclosure
    - [ ] Homestead residential foreclosure
    - [ ] Non-homestead residential foreclosure
    - [ ] Other real property actions
- [ ] Professional malpractice
  - [x] Malpractice—business
  - [ ] Malpractice—medical
  - [ ] Malpractice—other professional
- [ ] Other
  - [ ] Antitrust/Trade regulation
  - [ ] Business transactions
  - [ ] Constitutional challenge—statute or ordinance
  - [ ] Constitutional challenge—proposed amendment
  - [ ] Corporate trusts
  - [ ] Discrimination—employment or other
  - [ ] Insurance claims
  - [ ] Intellectual property
  - [ ] Libel/Slander
  - [ ] Shareholder derivative action
  - [ ] Securities litigation
  - [ ] Trade secrets
  - [ ] Trust litigation

**COUNTY CIVIL**

- [ ] Civil
- [ ] Real Property/Mortgage foreclosure
- [ ] Replevins
- [ ] Evictions
  - [ ] Residential Evictions
  - [ ] Non-residential Evictions
- [ ] Other civil (non-monetary)

**IV.   REMEDIES SOUGHT** (check all that apply):
- [✓] Monetary;
- [ ] Nonmonetary declaratory or injunctive relief;
- [✓] Punitive

**V.   NUMBER OF CAUSES OF ACTION:** [ ]
(Specify) LifeTime Inc, its' staff & memebers have encourage harasment towards me, affiliated with Palm Beach Masters Swimming who have come together for the same cause resulting in the loss of employment alongside other aftereffects.

**VI.   IS THIS CASE A CLASS ACTION LAWSUIT?**
- ( ) yes
- (●) no

**VII.   HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
- ( ) no
- (●) yes If "yes," list all related cases by name, case number, and court.

502024CA011213XXXAMB Shannon Mullings v Palm Beach Masters Swimming-

**VIII.   IS JURY TRIAL DEMANDED IN COMPLAINT?**
- ( ) yes
- (●) no

**IX.   DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
- ( ) yes
- (●) no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of General Practice and Judicial Administration 2.425.

Signature _____   Fla. Bar # _____
           Attorney or party                              (Bar # if attorney)

Shannon Mullings                         01/06/25
(type or print name)                      Date

NOT A CERTIFIED COPY